UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE TALARIA COMPANY LLC D/B/A<br>HINCKLEY YACHT BROKERAGE,<br><br>                   *Plaintiff*,<br><br>- v -<br><br>ROSA SCARCELLI, THOMAS RHOADS,<br>FRED LATSKO, and JEFFERSON BEACH<br>YACHT SALES, Inc.,<br><br>                   *Defendants*. | No.: 1:25-cv- |

**COMPLAINT FOR INTERPLEADER RELIEF**

Plaintiff, The Talaria Company LLC d/b/a Hinckley Yacht Brokerage ("Hinckley"), states:

**PARTIES, JURISDICTION, and VENUE**

1. Hinckley is a limited liability company organized and existing under the laws of the State of Rhode Island, with a principal place of business in Portsmouth, Rhode Island.

2. Upon information and belief, Defendant, Rosa Scarcelli ("Scarcelli"), is a resident of Maine.

3. Upon information and belief, Defendant, Thomas Rhoads ("Rhoads"), is a resident of Maine.

4. Scarcelli and Rhoads are referred to collectively herein as the ("Buyers").

5. Upon information and belief, Defendant, Fred Latsko (the "Seller"), is a resident of Ohio.

1

6. Defendant, Jefferson Beach Yacht Sales, Inc. ("Jefferson"), is a corporation organized and existing under the laws of the State of Michigan, with a principal place of business in St. Clair Shores, Michigan.

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a), 1333, and 1335, and Fed. R. Civ. P. 22.

8. As contemplated by 28 U.S.C. § 1335, there is complete diversity of citizenship among the claimants who may claim entitlement to the funds at issue, the amount in controversy exceeds $500.00, and Hinckley is ready and able to deposit the funds at issue into the registry of this Court upon further order of this Court.

9. This Court has personal jurisdiction over the Buyers, Seller, and Jefferson because the funds at issue are held in escrow in Rhode Island by Hinckley, which is serving as a Rhode Island escrow agent.

10. Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the property that is the subject of this Action is situated in this district.

## FACTS

11. The Buyers and Seller entered into a contract for the Buyers to purchase from the Seller a yacht formerly known as CE-LU (the "Vessel") (the "Sale").

12. Hinckley served as the Buyers' broker in connection with the Sale.

13. Jefferson served as the Seller's broker in connection with the Sale.

14. On January 14, 2023, Hinckley, Buyers, and Seller entered into an escrow agreement, whereby the Buyers and Seller designated Hinckley as the escrow agent to hold $50,000.00 of the purchase price from the Sale.

15. On January 14, 2023, it was further agreed that $5,000.00 of the sale proceeds allocated to commissions payable to Hinckley and Jefferson would be held by Hinckley "in escrow until terms of escrow agreement are met."

16. In total, Hinckley presently holds $55,000.00 in escrow (the "Escrow Funds"). (the "Escrow Funds").

17. Pursuant to the escrow agreement, the Escrow Funds were to be held in escrow pending completion of certain repairs to the Vessel.

18. Upon information and belief, the Buyers currently possess the Vessel.

19. Upon information and belief, a dispute remains between the Buyers and Seller as to the proper distribution of the Escrow Funds.

20. Hinckley lacks knowledge or information as to Jefferson's claim to the Escrow Funds, namely its $2,500.00 additional broker commission.

## COUNT I
### Interpleader Relief

21. Hinckley hereby incorporates each and every allegation of the preceding paragraphs as though fully set forth herein.

22. Hinckley cannot determine the proper distribution of the Escrow Funds without risking exposure of itself to multiple claims and liabilities.

23. This Court must decide to whom the Escrow Funds are properly payable.

24. As a stakeholder, Hinckley makes no claim to the Escrow Funds other than payment of its attorneys' fees and costs in connection with commencing this Action.

25. Hinckley expressly and unequivocally waives and releases any right to any commission owed or designated to it under the escrow agreement.

26. Hinckley is ready, willing, and able to deposit into the Registry of the Court the Escrow Funds (net of Hinckley's fees and costs) for disbursement in accordance with a Judgment of this Court.

**WHEREFORE**, Hinckley respectfully requests that this Honorable Court:

A. Restrain and enjoin the Defendants by Order and Injunction from instituting any action or proceeding in any state or United States court against Hinckley relating to the escrow agreement and/or Escrow Funds;

B. Require Defendants litigate or settle and adjust between themselves their claim relating to disbursement of the Escrow Funds, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Escrow Funds should be paid;

C. Permit Hinckley to pay the Escrow Funds, minus all reasonable attorneys' fees and costs incurred in this action, into the Registry of the Court;

D. Dismiss Hinckley with prejudice from this Action;

E. Hold Hinckley harmless from any further liability upon payment of the Escrow Funds into the Registry of this Court, or as otherwise directed by this Court;

F. That the Court award Hinckley all reasonable attorneys' fees and costs of this Action under law and equity; and

G. That the Court award other and further relief as the Court may deem just and proper.

#18039850v1

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **THE TALARIA COMPANY LLC D/B/A HINCKLEY YACHT BROKERAGE,** |
| April 24, 2025 | By its Attorneys, |
|  | */s/ Michael J. Daly* <br> Michael J. Daly, Esq. (#6729) <br> Nicole M. Matteo, Esq. (#9555) <br> PIERCE ATWOOD, LLP <br> One Citizens Plaza, 10th Floor <br> Providence, RI 02903 <br> (401) 588-5113 [tel.] <br> (401) 588-5166 [fax] <br> mdaly@pierceatwood.com <br> nmatteo@pierceatwood.com |

5

#18039850v1